Nott, Oh. J.,
delivered the opinion of the court:
The Indian Depredation Act, 1891, waives “all questions of limitations” as to the time and manner of presenting claims to the executive branch of the Government, but at the same time places these limitations upon actions which might otherwise be brought in this court:
“Provided, That no claim accruing prior to January first, eighteen hundred and sixty-five, shall be considered by the court unless the claim shall be allowed or has been or is pending, prior to the passage of this act, before the Secretary of the Interior or the Congress of the United States, or before any superintendent, agent, subagent, or commissioner, authorized under any act of Congress to inquire into such claims; but no case shall be considered pending unless evidence has been presented therein.”
The purpose of the statute undoubtedly is that claims which accrued before 1865 should have been presented, and to a certain extent authenticated, before.the act of 1891 became a law, or that they should not be brought into this court in the form of actions at law. In other words, the benefits of the statute do not extend to a claim which accrued prior to 1865, unless it had been presented before the passage of the act and had been accompanied by evidence more or less to sustain it. The statute is silent as to the manner of presentation and as to the *246 form of the evidence. Undoubtedly a claim presented to Congress must be presented in writing, for there is no other way of presenting a claim to Congress than by petition or the introduction of a bill.' A claim, too, could hardly be considered as “pending” before the Secretary of the Interior unless it had been presented to him in a written form. But on the frontier it is not an unreasonable thing to suppose that settlers suffering from the depredations of Indians would naturally go and frequently did go in person to the nearest “ superintendent, agent, subagent, or commissioner” authorized “to inquire into such claims” and lay the case before him and bring witnesses with them to establish the fact of depredation. Such presentations confronted the claimant and his witnesses with the agent, and sometimes, as in this case, with the defendant Indians, and subjected them to cross-examination; and would be regarded in ordinary litigation as far more satisfactory than filing a written statement with ex parte affidavits made by unseen witnesses; and it is not reasonable to suppose that Congress intended to include in the benefits of the act inferior presentations because they were formal and to exclude superior presentations because they were informal.
When a claim was presented in this way, or in any way, it was the duty of an agent or subagent to make a record of it, to report it to his superior officers or to the Commissioner of Indian Affairs, and to lay the claim before the Indians charged with committing the depredation. (Act, 1834.)
In the present case the embarrassing question arises from the fact that there is no report or record of the subagent’s office to establish the presentation of the claim. The court is disinclined to hold that a claim was pending before an Indian agent or subagent if the records of his office on being produced should contain no record of the claim. But in this case it appears that there is an entire absence of all records of the subagent’s office, and that the presentation and proof of the claim were contemporaneous with the depredation. It appears, moreover, that the claim was presented to the defendant Indians by the agent, and that their representative or counsel offered $60 as a compromise. Upon the evidence which the claimant has produced and the inability of the defendants to produce the records of the office, the court is of the opinion that the claimant should recover.
The judgment of the court is that the claimant recover $950.